**BLANK ROME LLP**
*A Pennsylvania LLP*
JONATHAN M. KORN, ESQ.
New Jersey Resident Partner
MICHAEL R. DARBEE, ESQ.
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Tel: (609) 750-7700
Jonathan.Korn@BlankRome.com
Michael.Darbee@BlankRome.com
*Attorneys for Citizen Watch Company of America, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Citizen Watch Company of America, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Safa Jewelers, Inc., <br><br> Defendant | Civil Docket No.: <br><br> **COMPLAINT** <br><br> *Electronically Filed* |

Plaintiff Citizen Watch Company of America, Inc. ("CWA"), by way of this Complaint, alleges the following against Defendant Safa Jewelers, Inc. ("Safa Jewelers"):

1. This is an action to recover damages for Safa Jewelers' failure to pay CWA a total of $123,752.25 for watches that Safa Jewelers ordered from CWA and that CWA delivered to Safa Jewelers.

## PARTIES

2. CWA is a California corporation with its executive offices in New York, New York.

3. Safa Jewelers is a New Jersey corporation with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these claims under 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Safa Jewelers because, among other things, Safa Jewelers is incorporated in this forum and its principal place of business is in this forum; it transacts business within and avails itself of this forum; it contracts to sell goods and render services within this forum; it engages in a persistent course of conduct in this forum; and it maintains substantial, systematic, and continuous minimum contacts in this forum.

## BACKGROIUND

6. CWA, together with its parent company and affiliates, is a designer, manufacturer, marketer, distributer, and seller of timepieces and related products from several brands, including Citizen, Bulova, Accutron, Frederique Constant, Alpina, and others.

7. Safa Jewelers is a retail jewelry dealer that sells watches, among other things.

8. CWA and Safa Jewelers had a typical manufacturer-retailer relationship wherein, while under no obligation to do so, Safa Jewelers would order products from CWA, and, in its discretion, CWA would accept the order and deliver the product to Safa Jewelers on the promise of payment.

9. Safa Jewelers is owned by Imad Safa.

10. Mr. Safa is also the owner of Exotic Diamond Jewelers.

11. CWA and Exotic Diamond Jewelers had a typical manufacturer-retailer relationship from July 2013 to August 2016 wherein, while under no obligation to do so, Exotic Diamond Jewelers would order products from CWA, and, in its discretion, CWA would accept the order and deliver the product to Exotic Diamond Jewelers on the promise of payment.

12. On August 1, 2016, Exotic Diamond Jewelers owed a balance to CWA of $19,095.54 – of which $8,454.34 remains outstanding.

13. On or about July 2016, Mr. Safa transferred Exotic Diamond Jewelers' business to the newly incorporated Safa Jewelers. Mr. Safa continues to operate Safa Jewelers, and he continues to act as president of "EDJ Luxe" (Exotic Diamond Jewelers is clearly the d/b/a of EDJ Luxe).

14. Safa Jewelers' Application for Credit specified that its application was a continuation of an "existing account" named "Exotic D" (short for Exotic Diamond Jewelers).

15. CWA's business relationship with Safa Jewelers continued from 2016 until 2021, when CWA terminated its business relationship with Safa Jewelers.

16. At the time of Safa Jewelers' termination, it owed CWA $115,297.91 in unpaid invoices (the "Invoices") for merchandise CWA delivered to Safa (the "Merchandise"), in addition to the $8,454.34 in unpaid invoices owed to CWA by Safa Jewelers' predecessor, Exotic Diamond Jewelers. In correspondence, Safa Jewelers' attorney has conceded that Safa Jewelers received the Merchandise, and that it has refused to pay the amount owed for the Merchandise.

## COUNT I
## BREACH OF CONTRACT

17. CWA repeats and realleges every preceding paragraph as if set forth fully herein.

18. Safa Jewelers agreed to purchase the Merchandise from CWA for the price of $115,297.91 (the "Contract").

19. CWA delivered the Merchandise to Safa Jewelers and otherwise performed all of its obligations under the contract.

20. Safa Jewelers failed to pay the Invoices for the Merchandise when the Invoices came due, and Safa Jewelers continues to refuse to pay the outstanding Invoices.

21. As a result of Safa Jewelers' breach, CWA has been damaged in the amount of $115,297.91 plus prejudgment interest and any other amounts the Court deems just and proper.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

22. CWA repeats and realleges every preceding paragraph as if set forth fully herein.

23. The Contract contains an implied covenant of good faith and fair dealing.

24. As described above, Safa Jewelers led CWA to believe in bad faith that the Invoices would be paid after CWA delivered the Merchandise to Safa Jewelers.

25. However, despite acknowledging that it received the Merchandise, Safa Jewelers refuses to pay CWA, which amounts to a breach of the implied covenant of good faith and fair dealing and has caused CWA to sustain damages.

26. Moreover, Safa Jewelers purported to be the successor-in-interest to the Exotic Diamond Jewelers' account, and now denies any relationship to that entity, which amounts to a further breach of the implied covenant of good faith and fair dealing. In fact, Exotic Diamond Jewelers coerced CWA to accept a lesser payment than the amount owed on the false premise that Exotic Diamond Jewelers was insolvent, which was not true.

27. As a result of Safa Jewelers' breach, CWA has been damaged in the amount of $123,752.25 plus prejudgment interest and any other amounts the Court deems just and proper.

## COUNT III
## SUCCESSOR LIABILITY

28. CWA repeats and realleges every preceding paragraph as if set forth fully herein.

29. Upon information and belief, (i) Safa Jewelers expressly and/or implicitly agreed to assume liability for the debt owed to CWA by Exotic Diamond Jewelers; (ii) Safa Jewelers is

merely a continuation of Exotic Diamond Jewelers; and/or (iii) Exotic Diamond Jewelers was merged into Safa Jewelers.

30. Safa Jewelers' voluntary and deliberate act of acknowledging responsibility for Exotic Diamond Jewelers' outstanding debt reflects its liability as a successor of Exotic Diamond Jewelers. Accordingly, Safa Jewelers, as successor of Exotics Diamond Jewelers, is liable to CWA for the amount of $8,454.34 owed to CWA plus prejudgment interest and any such other relief the Court deems just and proper.

## COUNT IV
## CONVERSION

31. CWA repeats and realleges every preceding paragraph as if set forth fully herein.

32. In the alternative to CWA's above claims, Safa Jewelers is liable to CWA in conversion.

33. By retaining the Merchandise without paying for it, and by refusing to return the Merchandise to CWA, Safa Jewelers intentionally and without authority, consent, or justification, has assumed and/or exercised control over CWA's property and interfered with CWA's right to legal possession.

34. CWA has a possessory right and/or interest in the Merchandise.

35. Safa Jewelers has therefore unlawfully converted CWA's property.

## COUNT V
## UNJUST ENRICHMENT

36. CWA repeats and realleges every preceding paragraph as if set forth fully herein.

37. In the alternative to CWA's above claims, Safa Jewelers is liable to CWA in unjust enrichment.

38. By keeping the Merchandise without either paying CWA for it or returning it to CWA, Safa Jewelers has been unjustly enriched at CWA's expense in the amount of $115,297.91.

39. It is against equity and good conscience to permit Safa Jewelers to retain what legally belongs to CWA.

40. Safa Jewelers' retention of the Merchandise represents an unintended, inequitable, and unjust windfall.

**WHEREFORE**, Plaintiff Citizen Watch Company of America, Inc. respectfully requests a judgment in its favor against Defendant Safa Jewelers, Inc. for the following:

a. Compensatory and consequential damages;

b. Punitive damages to the extent Safa acted in bad faith;

c. Attorneys' fees as permitted under applicable law;

d. Pre- and post-judgment interest as permitted under applicable law;

e. Other such relief as the Court determines is equitable and just.

Dated: April 22, 2022   *s/ Jonathan M. Korn*

**BLANK ROME LLP**
*A Pennsylvania LLP*
JONATHAN M. KORN, ESQ.
New Jersey Resident Partner
MICHAEL R. DARBEE, ESQ.
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Tel: (609) 750-7700
Jonathan.Korn@BlankRome.com
Michael.Darbee@BlankRome.com
*Attorneys for Citizen Watch Company of America, Inc.*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I certify that, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

Dated: April 22, 2022                         *s/ Jonathan M. Korn*
                                              JONATHAN M. KORN, ESQ.